for argument is Shamsher Singh v. Merrick Garland. I think we have both cancelled by video. Council? Good morning, Your Honours. If it may please the Court, Maliha Khan-Avila for the petitioner Shamsher Singh. Please go ahead. Thank you, Your Honours. Mr. Shamsher Singh's case presents issues related to all three of his applications for relief, asylum, withholding of removal, and protection under the Convention Against Torture. The immigration judge and the BIA, in agreement, found that he didn't meet any of the elements. However, that simply is not the case. It is Mr. Shamsher's position, our position, that he did, in fact, suffer past persecution. He has a well-founded fear of future persecution on account of his imputed political opinion, as well as his family association, which I will delve into further. He cannot internally relocate in India. The harm would the level of torture and that the torture or persecution was committed by individuals associated with the government and or individuals who the government would acquiesce to the torture or persecution. Specifically, one of the issues that the BIA brought up, the Board of Immigration harm, did not rise to the level of persecution. Now, Mr. Shamsher Singh cites to a 2019 case, Singh v. Whitaker, which is differentiated by the Board of Immigration Appeals. And the way that the Board of Immigration Appeals said it was that the harm that the petitioner in that particular case, whose name is Narendra Singh, was more akin to persecution than Mr. Shamsher Singh because Mr. Narendra Singh was hospitalized after being detained by the police in India. The claims are very similar, though. Both individuals in this case and in that case were actually attacked and beaten by members of the Congress Party for their affiliation with the Man Party, which Mr. Shamsher Singh is associated with. Now, there is a distinction. Yes, the petitioner in Narendra Singh v. Whitaker, yes, he was detained. Yes, he was hospitalized. However, if we look at Mr. Shamsher Singh's case here, I think it, too, rises to the level of persecution. I don't think persecution requires, or the case law requires, that an individual be hospitalized in order to establish persecution. Excuse me, but we're not reviewing this de novo. We're looking to see whether we're compelled to conclude that the agency was, the determination was not supported by substantial evidence. So, if there is a principal distinction, why isn't that enough to say that we're not compelled to reverse the agency? I think that the answer to your question, Your Honor, is that the agency had committed an error in analyzing that particular case, Singh v. Whitaker, and when applying the facts to Mr. Shamsher Singh's case, that the evidence in Mr. Shamsher Singh's case here, he was found to be credible. So, if he, what I was trying, what I'm trying to get to is that if he's found to be credible, then his, the acts that committed upon him, although not similar to that case, are similar enough to and should have established the element of past persecution. And if that element of past persecution was wrongly decided by the VA, then they also wrongly found that he did not have a well-founded fear of persecution. So, the Board's opinion, you know, lays out in some detail everything that happened, right? So, the Board acknowledged all of the evidence that you're pointing to, but thought it wasn't enough. So, to reverse the Board, would we have to say that, you know, as a matter of law, when you have a beating, or I guess two beatings, coupled with death threats, that as a matter of law, that compels the finding of persecution? I think in this case, that it does, because in this case, he did receive medical treatment, although not hospitalized, and not, and I don't think that beatings, just looking at him being beaten alone, would establish the persecution. I think we need to, and the case law says that the mental impact of what happens to someone when they go through these physical altercations should also be taken into consideration. That persecution isn't just defined as a physical aspect. There's also this mental aspect to it. There's the type of trauma that they face. So, I think that those cumulative facts were not looked at. When the BIA specifically says the cumulative effect of respondents' alleged harm does not rise to the level of persecution, that's a mis... I think that that was not properly analyzed with the law. Well, but I mean, that, I mean, but they did look at the cumulative effect. You just disagree with what their assessment of the facts was, right? And so, I'm struggling to see, you said, you know, in this case, it's enough, but if we were to write an opinion, you know, reversing the board here, I don't know, what could we say that would not establish a rule that when you have a beating, coupled with death threats, that that necessarily, as a matter of law, constitutes persecution? I think that, as I stated previously, I think the type of... I think the case law supports...
judges: Gilman, IKUTA, MILLER